UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-80479-BLOOM/Reinhart

LEROY LUCIENNE,

    Plaintiff,

v.

SMOLINSKI AND ASSOCIATES, INC.
D/B/A PALM COAST TRAVEL,
LEE A. SMOLINSKI,

    Defendants.
_____/

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Defendants' Motion for Summary Judgment, ECF No. [11] ("Motion"), filed on May 7, 2018 with Defendants' accompanying Statement of Material Facts in Support of Defendants' Motion for Summary Judgment, ECF No. [12]. Plaintiff has not responded to the Motion. In the Motion, Defendants argue that they never employed Plaintiff and rather, Plaintiff was employed by an unrelated company, Timeless Travel of Lauderhill, Florida ("Timeless Travel"). *See* ECF No. [11-1] at 1. Accordingly, Defendants argue, summary judgment must be granted because Plaintiff cannot assert a claim under the Fair Labor Standards Act against a party that never employed him. *Id.* at 1–2.

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, (1986); *see also* Fed. R. Civ. Pro. 56(a). The parties may support their positions by citation to the record, including, *inter alia*, depositions, documents, affidavits, or declarations. *See* Fed. R.

Civ. P. 56(c). An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* (quoting *Anderson*, 477 U.S. at 247–48).

The moving party shoulders the initial burden to demonstrate the absence of a genuine issue of material fact. *See Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). A movant must present evidence demonstrating that it can establish the basic elements of his claim. *Celotex*, 477 U.S. at 322. Once the moving party has met its burden, the non-movant must "go beyond the pleadings" and show that there is a genuine issue for trial. *Id.* at 324; *see also* Fed. R. Civ. Pro. 56(c)(1). The Court draws all inferences from the underlying facts in the light most favorable to the party opposing the motion. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158–59 (1970). Thus, to avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). After the nonmoving party has responded to the motion for summary judgment, the Court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Thus, "a 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.' " *Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014) (per curiam) (quoting *Anderson*, 477 U.S. at 249) (emphasis added).

"[T]he FLSA contemplates that a covered employee may file suit directly against an employer that fails to pay him the statutory wage, or may make a derivative claim against any

person who (1) acts on behalf of that employer and (2) asserts control over conditions of employee's employment." *Attai v. Delivery Dudes, LLC*, No. 15-CIV-62522-BLOOM/Valle, 2016 WL 828816, at *5 (S.D. Fla. March 2, 2016) (quoting *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). Under the FLSA, 29 U.S.C. § 201 *et seq.*, "a plaintiff may seek to sue an individual employer or multiple employers." *Kendrick v. Eagle Inter. Group, LLC*, No. 08-80909-CIV, 2009 WL 3855227, at *3 (S.D. Fla. Nov. 17, 2009) (quoting *Falk v. Brennan*, 414 U.S. 190, 195, 94 S. Ct. 427, 38 L. Ed. 2d 406 (1973)). "An employer includes 'any person acting directly or indirectly in the interest of an employer in relation to an employee.'" *Patel v. Wargo*, 803 F.2d 632, 637 (11th Cir. 1986); 29 U.S.C. § 203 (d). "Additionally, the Eleventh Circuit has held that a 'corporate officer with operational control of a corporations covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA' as long as the corporate officer is 'involved in the day-to-day operation or ha[s] some direct responsibility for the supervision of the employee.'" *Kendrick v. Eagle Intern. Group, LLC.*, No. 08-80909-CIV, 2009 WL 3855227, at *3 (S.D. Fla. November 17, 2009) (quoting *Alvarez Perez v. Stanford Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008)). The economic reality test evaluates "the relationship of the employee and alleged employer" as the test "suggests an employer-employee relationship may exist where the alleged employer hires and fires employees, supervises and controls employee work schedules or conditions of employment, determines the rate and method of payment, or maintains employment records." *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1381 (S.D. Fla. 2012) (citations omitted).

Here, Plaintiff has not responded to Defendants' Motion. Taking the uncontroverted facts in the light most favorable to Plaintiff, the non-moving party, summary judgment in favor

of Defendants is warranted. Plaintiff Leroy Lucienne, was never employed by Lee Smolinski, Smolinski and Associates, Inc. or any affiliated company. Statement of Material Facts in Support of Defendants' Motion for Summary Judgment, ECF No. [12] ¶ 1. Rather, Plaintiff was employed by Timeless Travel, (*id.* ¶ 2) , a company which has no connection to Defendants (*id.* ¶ 3). Accordingly, because there is no genuine issue of material fact regarding whether Defendants were Plaintiff's "employer" under the FLSA, Plaintiff's FLSA claim fails as a matter of law.

Accordingly it is **ORDERED AND ADJUDGED** as follows:

1. Motion, **ECF Nos. [11] and [12]**, is **GRANTED.**
2. The above-styled case is **DISMISSED WITH PREJUDICE**;
3. To the extent not otherwise disposed of, all pending motions are denied as **MOOT** and all deadlines are **TERMINATED**;
4. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of June, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record